# EXHIBIT A

**IN THE COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, OHIO**

| | |
|---|---|
| OLWIN METAL FABRICATION LLC, | )<br>) CASE NO.: 2022 CV 01134<br>) |
| Plaintiff, | )<br>) |
| v. | ) JUDGE MARY E. MONTGOMERY<br>) |
| MULTICAM INC., *et al*, | )<br>) |
| Defendants. | )<br>) |

**PLAINTIFF'S ANSWERS TO**
**MULTICAM INC.'S FIRST SET OF INTERROGATORIES**

Plaintiff, Olwin Metal Fabrication, LLC, answers the First Set of Interrogatories served upon it by Defendant, Multicam Inc., as follows:

**INSTRUCTIONS**

In answering these interrogatories, the following instructions shall apply:

1. Plaintiff shall answer each interrogatory separately and fully in writing and under oath. In answering these interrogatories, Plaintiff must furnish all requested information, including hearsay, not subject to a valid instruction, that is known by, possessed by, or available to Plaintiff or any of its members, attorneys, consultants, representatives, agents, employees, and all others acting on its behalf.

2. If Plaintiff is unable to answer fully any of these interrogatories, Plaintiff must answer them to the fullest extent possible, specifying the reason(s) for Plaintiff's inability to answer the remainder, and stating whatever information, knowledge, or belief that Plaintiff has concerning the unanswerable portion.

3. If Plaintiff objects to any interrogatories as calling for information that is beyond the scope of discovery, Plaintiff must, nevertheless, answer the interrogatory or subpart to the extent that it is not objectionable.

4. If Plaintiff objects to any interrogatories as calling for work product or information protected by the attorney-client privilege, Plaintiff should, in addition to stating the grounds for its objection:

    a. State the nature of the claim of privilege;

    b. State all facts relied upon in support of the claim of privilege or related thereto;

    c. Identify and describe the subject matter of all documents related to the claim of privilege;

    d. Identify all persons having knowledge of any facts related to the claim of privilege;

    e. Provide a description of each document withheld sufficient to validate the privilege claimed, including the date of each document, its author and all recipients; and

    f. To the extent not privileged, describe the subject matter of the document.

5. For each interrogatory and subpart of each interrogatory, if the information furnished in Plaintiff's answer is not within its personal knowledge, identify each person for whom the information is a matter of personal knowledge, if known.

6. MultiCam Inc. hereby requests that Plaintiff supplement its answers to these interrogatories in the event that, prior to final disposition in this matter, additional responsive

information comes to the attention of, or becomes available to, Plaintiff, its members, attorneys, consultants, representatives, agents, or any other person acting on its behalf.

### DEFINITIONS

The following terms shall have the meanings indicated:

1. "Documents" means or refers to all written, electronically stored (*e.g.*, e-mails) or graphic matter of any kind or description however produced or reproduced, whether deleted, erased, destroyed, draft or final, original or reproductions, and all tangible things, specifically including but not limited to: writings, e-mails, drawings, graphs, charts, photographs, phone records, data compilations, letters, correspondence, memoranda, notes, memoranda of conversations, transcripts, desk calendars, appointment books, diaries, logs, telephone messages, notebooks, post cards, summaries or paraphrases of any of the foregoing or material similar to any of the foregoing, however denominated, which are in the possession, custody, or control of Plaintiff, or to which it can obtain access, interpreting the foregoing as broadly as intended under Rules 33 and 34 of the Ohio Rules of Civil Procedure.

2. "Identify," or "identity," as used herein with reference to a document, shall mean to state its title or other form of identification, its date, its author and, if different, its signer or signers, their addresses, the persons to whom it was directed (including "cc" and "bcc" recipients), the type of document (e.g., letter, memorandum, chart, etc.), and its principal topics. If such document is no longer in your possession or custody or subject to your control, state what disposition (if any) was made of it, and identify all persons having current possession, custody, or control. In the alternative, production of documents responsive to the interrogatories shall constitute sufficient identification of such document.

3. "Identify," or "identity," as used herein with reference to an individual shall mean to set forth his or her name, home address, home telephone number, office address, and office telephone number.

4. "Identify" or "identity," as used herein with reference to a corporation or other non-human entity shall mean to set forth its name, principal place of business, business address and business telephone number.

5. "Identify" or "identity," as used herein with reference to a communication, shall mean to identify the form of communication (e.g., telephone conversation, in-person conversation, written correspondence, facsimile, etc.), the persons or entities who took part in the communication, the date, time and place of the communication, and any other persons present during the communication.

6. "Related to" or "relating to" means consisting of, referring to, pertaining to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically or factually connected with the matter discussed.

7. "Communication or contacts" refers to any transfer of information, ideas, opinions or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including, but not limited to, electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file.

8. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any documents or other information which might otherwise be construed to be outside their scope.

9. "Member" shall mean the individual(s) or entity(ies) holding a membership interest in Olwin Metal Fabrication LLC.

10. When used in these Requests, the terms "you" or "your" or "Olwin" or "Plaintiff" shall mean Plaintiff Olwin Metal Fabrication LLC, its members, agents, employees, predecessors, assignees, and successors.

## GENERAL OBJECTIONS

1. Plaintiff objects to Defendant's Interrogatories to the extent that they seek information which is protected by attorney-client and/or work product privilege.

2. Plaintiff objects to Defendant's Interrogatories to the extent that they seek confidential and proprietary information concerning Plaintiff, or confidential and private information concerning Plaintiff's employees or other individuals.

3. Plaintiff objects to Defendant's Interrogatories to the extent that they are unduly broad and overly burdensome, and to the extent that they seek information which cannot be retrieved by Plaintiff without undue burden or expense.

4. Plaintiff objects to Defendant's Interrogatories to the extent that they are vague and ambiguous or call for speculation.

5. Plaintiff objects to Defendant's Interrogatories to the extent that they do not appear to be reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiff objects to Defendant's Interrogatories as oppressive and harassing.

7. Plaintiff objects to Defendant's Interrogatories to the extent that they fail to provide a time frame for which the information is requested, or provide such a broad time frame as to render it impossible or impractical for Plaintiff to provide responsive information.

8. Plaintiff objects to the compound nature of Defendant's Interrogatories.

9. Plaintiff objects to the duplicative nature of Defendant's Interrogatories.

10. Plaintiff objects to Defendant's Interrogatories to the extent that they seek information which would more properly be elicited by deposition.

11. Plaintiff objects to Defendant's instructions and definitions on the basis that they are unduly broad and overly burdensome, and seek to impose obligations on Plaintiff beyond those contemplated by the Ohio Rules of Civil Procedure.

12. Plaintiff objects to Defendant's Interrogatories to the extent that they are not susceptible to answer by a brief, categorical response.

13. Plaintiff objects to Defendant's Interrogatories to the extent that Defendant seeks to elicit information in advance of the disclosure date established by the Court. Plaintiff will make such disclosure in accordance with the Court's Pretrial Order, as may be from time to time modified by the Court.

14. Plaintiff objects to Defendant's Interrogatories to the extent that they are designed to elicit a legal conclusion or legal theories of Plaintiff's counsel.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all Members of Olwin.

**ANSWER:** Derrick Olwin, 215 N. Church St., New Carlisle, OH 45344 and Joseph Stehle, 115 N. Hampton Rd., Donnellsville, OH 45319.

**INTERROGATORY NO. 2:**

Identify the citizenship and residency of each Member of Olwin.

**ANSWER:** Both Members are residents of the State of Ohio and citizens of the State of Ohio.

**INTERROGATORY NO. 3:**

For any Member of Olwin that is a corporation, identify the place of incorporation and principal place of business of each corporation.

**ANSWER:** Not applicable, both Members are individuals.

**INTERROGATORY NO. 4:**

For any Member of Olwin that is an LLC, identify the Members, including the citizenship and residency of each Member, of each LLC.

**ANSWER:** Not applicable, both Members are individuals.

**INTERROGATORY NO. 5:**

Identify all states in which you provide services to customers or clients.

**ANSWER:** Objection, Plaintiff's company does not provide services. The company only provides products within the state of Ohio, and has shipped product to Utah, Alabama, and Arizona but do no further business in those three states.

## **VERIFICATION**

STATE OF OHIO )
)
COUNTY OF Montgomery ) SS.

Derrick Olwin, being duly sworn, deposes and says that I am a Member of Plaintiff, Olwin Metal Fabrication, LLC, in this action, that I have read the foregoing Answers to Interrogatories and know the contents thereof, and the same are true to the best of my knowledge, information and belief.

OLWIN METAL FABRICATION, LLC

By: _____
Derrick Olwin, Member

Sworn to and subscribed before me this 26 day of October, 2022

_____
Notary Public

ASHLEIGH FINCH
Notary Public, State of Ohio
My Commission Expires 10-15-2025

My Commission Expires: 10/15/2025

8

Respectfully submitted,

_____
Richard L. Carr, Jr. (0003180)
David M. Rickert (0010483)
AUMAN, MAHAN & FURRY
110 North Main Street, Suite 1000
Dayton, OH 45402-1738
(937) 223-6003 / ext. 3113
(937) 223-8550 (fax)
rlc@amfdayton.com; dmr@amfdayton.com
*Attorney for Plaintiff, Olwin Metal Fabrication, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2022, I served the foregoing by email on the following:

Kelly E. Mulrane
Benesch, Friedlander,
Coplan & Aronoff LLP
41 S. High Street, Suite 2600
Columbus, Ohio 43215
kmulrane@beneschlaw.com
*Attorney for Defendant, MultiCam, Inc.*

John P. Susany
Kathleen A. Fox
Stark & Knoll Co., L.P.A.
3475 Ridgewood Road
Akron, OH 44333
JSusany@stark-knoll.com
kfox@stark-knoll.com
*Counsel for Defendant, MultiCam Great Lakes, Inc. d/b/a MultiCam Technology Center*

Peter Loh
Foley & Lardner LLP
2021 McKinney Ave., Suite 1600
Dallas, Texas 75201
ploh@foley.com
*Co-Counsel for Defendant, MultiCam,, Inc.*

_____
Richard L. Carr, Jr. (0003180)

9