IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON

| | |
|---|---|
| OLWIN METAL FABRICATION, LLC, | § § Case No. 3:22-CV-00333-WHR-PBS |
| *Plaintiff,* | § § |
| v. | § JUDGE WALTER H. RICE § |
| MULTICAM, INC. | § MAGISTRATE JUDGE PETER B. § SILVAIN, JR. |
| and | § § |
| MULTICAM GREAT LAKES, INC. D/B/A MULTICAM OHIO VALLEY TECHNOLOGY CENTER, | § § § § |
| *Defendants.* | § |

**DEFENDANT MULTICAM, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**

Defendant MultiCam, Inc. ("*MultiCam*"), by and through its attorneys of record, respectfully requests this Court dismiss the entirety of Plaintiff Olwin Metal Fabrication, LLC's ("*Olwin*") First Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). A Memorandum in Support of this Motion is attached hereto and incorporated herein by reference.

[*signature page follows*]

Dated: November 28, 2022         Respectfully submitted,

        *s/ Kelly E. Mulrane*
        Kelly E. Mulrane (0088133)
        Trial Attorney
        **BENESCH, FRIEDLANDER,**
        **COPLAN & ARONOFF LLP**
        41 S. High Street, Suite 2600
        Columbus, Ohio 43215
        Telephone: 614.223.9300
        Facsimile: 216.363.4588
        Email: kmulrane@beneschlaw.com

        *Counsel for Defendant MultiCam, Inc.*

### MEMORANDUM IN SUPPORT OF DEFENDANT MULTICAM, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant MultiCam, Inc. ("*MultiCam*"), by and through its counsel, hereby moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an Order dismissing Plaintiff Olwin Metal Fabrication, LLC's ("*Olwin*") First Amended Complaint ("*Complaint*") for failure to state a claim upon which relief can be granted. This Motion is based upon the following Memorandum in Support, and the pleadings and papers on file herein.

### I.     SUMMARY OF THE ARGUMENT

In an attempt to seek compensation for an allegedly defective product it purchased, Olwin filed suit against two corporations—(1) MultiCam, Inc. ("*MultiCam*") and (2) MultiCam Great Lakes Inc. d/b/a MultiCam Ohio Valley Technology Center ("*Great Lakes*"). But, despite the fact that MultiCam and Great Lakes are separate entities, Olwin's Complaint simply refers to them collectively as "MultiCam." This "group-pleading" fails to satisfy the Federal Rules' minimum pleading requirements and fails to provide MultiCam notice of the allegations against it.

The Complaint also fails to plausibly allege a breach-of-contract claim, as it solely rests on conclusory and inadequate allegations. Moreover, Olwin asserts an unjust enrichment claim, which cannot coexist with its allegations that a valid contract governs the parties' relationship. Finally, Olwin asserts two claims—non-acceptance and revocation of acceptance—that are not recognized causes of action. For these reasons, this Court should dismiss the Complaint.

### II.     BACKGROUND

The Complaint alleges as follows: Olwin is an Ohio limited liability company engaged in the business of metal fabrication. First Am. Compl., ECF No. 4 at PageID 145–46. MultiCam is a Texas corporation which manufactures cutting machines for metal products. First Am. Compl., ECF No. 4 at PageID 146. Great Lakes is a Michigan corporation which also manufactures cutting machines for metal products. First Am. Compl., ECF No. 4 at PageID 146.

Around November 12, 2021, Olwin began discussions with "MultiCam" regarding Olwin's interest in purchasing a metal cutting machine—the ARCOS Series Plasma Machine (the "*Machine*"). First Am. Compl., ECF No. 4 at PageID 146. Notably, Olwin does not specify with *which* defendant Olwin was discussing the potential purchase.

Then, on November 17, 2021, "MultiCam" emailed Olwin and provided certain assurances regarding the Machine's capabilities. First Am. Compl., ECF No. 4 at PageID 146. Again, Olwin does not specify *which* defendant made these alleged assurances.

The next day, on November 18, 2021, Olwin purchased the Machine from "Defendants." First Am. Compl., ECF No. 4 at PageID 147. Once more, Olwin does not identify from *which* defendant Olwin purchased the Machine or *which* defendant received the purchase price funds.

After the Machine was installed, it did not work as promised. First Am. Compl., ECF No. 4 at PageID 147. This lawsuit followed. On March 15, 2022, Olwin filed suit in Ohio state court against MultiCam and Great Lakes. MultiCam timely removed the lawsuit to this Court. Not. of Removal, ECF No. 1. Shortly thereafter, Olwin filed its First Amended Complaint, which is at issue in this motion. First Am. Compl., ECF No. 4.

On August 15, 2022, this Court issued an Order to Show Cause regarding federal jurisdiction over this lawsuit. Order to Show Cause, ECF No. 20. MultiCam informed the Court that Olwin refused to provide information regarding Olwin's limited liability company membership, which would confirm diversity jurisdiction. MultiCam Mot. for Leave, ECF No. 21. The Court subsequently remanded this matter to state court for the parties to conduct discovery on the jurisdictional issue. Order, ECF No. 24. In the state court proceedings, Olwin responded to discovery that confirmed that diversity jurisdiction existed, and MultiCam again removed this action to this Court. Not. of Removal, ECF No. 1 (dated 11/21/2022).

### III. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted" pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

The Court need not credit conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

The Court must undertake a gatekeeping role, ensuring that the plaintiff has a plausible claim before subjecting the defendant to discovery. *U.S. v. Doyle*, 2022 WL 1186182, at *5 (S.D. Ohio Apr. 21, 2022). "Discovery, after all, is not designed as a method by which a plaintiff discovers whether he has a claim, but rather a process for discovering evidence to substantiate plausibly-stated claims." *Green v. Mason*, 504 F. Supp. 3d 813, 827 (S.D. Ohio 2020).

### IV. ARGUMENT AND AUTHORITIES

**A.  Olwin's fraud claim fails to meet the particularity standard under Rule 9(b).**

This Court should dismiss Olwin's fraud claim because it fails to meet the heightened pleading requirement under Rule 9(b) of the Federal Rules of Civil Procedure.

"In complying with Rule 9(b), a plaintiff, at a minimum, must 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993) (internal punctuation and citations omitted). In other words, a plaintiff must identify the "'who, what, when, where, and how' of the alleged fraud*.*" *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

Moreover, Rule 9(b), relating to fraud claims, prohibits a plaintiff from "group pleading"— sweepingly assigning conduct to a group of defendants without specifying *which* defendant committed *what* conduct. *See, e.g., U.S. ex rel. Bledsoe v. Cmty Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003). As a result, "[a] complaint may not rely upon blanket references to acts or omissions by all of the defendants." *Id.* Instead, "each defendant named in the complaint is entitled to be apprised of the circumstances surrounding the fraudulent conduct with which he individually stands charged." *Id.* The failure to plead fraud or mistake with particularity is treated as a failure to state a claim under Rule 12(b)(6). *B & P Co. v. TLK Fusion Ent., LLC*, No. 3:11-CV-276, 2013 WL 693167, at *8 (S.D. Ohio Feb. 26, 2013).

Here, Olwin fails to plead its fraud claim with particularity because it does not specify *which* defendant made the allegedly false representations. Instead, Olwin's allegations refer to "Defendants" or "MultiCam," which leaves the Court—and MultiCam—guessing as to which

Page 6

defendant is alleged to have made the misrepresentations. First Am. Compl., ECF No. 4 at PageID 146–47. For example, Olwin alleges:

- "Olwin received an email from **MultiCam** providing specific assurances as to the Machine's capabilities,"

- "Relying on the specific representations from **MultiCam**…" and

- "**Defendants** and their employees and/or agents…made material representations as to the capabilities of the Machine…."

First Am. Compl., ECF No. 4 at PageID 146–47, 149 (emphasis added). This is impermissible group pleading. *See U.S. ex rel. Bledsoe*, 342 F.3d at 643. MultiCam is entitled to know the precise allegations of fraud Olwin brings against it. Olwin has failed to do so. Therefore, this Court should dismiss Olwin's fraud claim, Count IV of the Complaint.

**B.  Olwin's breach-of-contract claim lacks information to support the basic elements of the cause of action.**

This Court should dismiss Olwin's breach-of-contract claim because Olwin fails to allege the basic information necessary to establish a probable right to relief against MultiCam for such a claim. This Court has explained:

> In evaluating breach of contract claims at the Motion to Dismiss stage, the Sixth Circuit has observed that it is not merely enough for a non-moving party to allege that a contract was breached. Rather, the complaint or counterclaim must provide 'further explanation, including the relevant terms of the . . . agreement, how the agreement was breached, and how the breach harmed the [non-moving party].

*Doe v. BMG Sports, LLC*, No. 1:20-CV-688, 2022 WL 345178, at *11 (S.D. Ohio Feb. 4, 2022) (quoting *Derbabian v. Bank of Am., N.A.*, 587 F. App'x 949, 954 (6th Cir. 2014)).

Here, Olwin only alleges that "[t]he foregoing actions and/or inactions of Defendants constitute material breaches of the Agreement." First Am. Compl., ECF No. 4 at PageID 148. This does not satisfy the Federal Rules' pleading requirements. Olwin has failed to specify which defendant was a party to the purported contract. Olwin has failed to identify the contractual

provision at issue. And Olwin has failed to identify how the unidentified defendant breached the agreement. First Am. Compl., ECF No. 4 at PageID 148. Based upon these incomplete and conclusory allegations, MultiCam cannot meaningfully defend against these allegations. This claim, Count I, should be dismissed.

**C.   Olwin's "claims" under the Texas Business & Commerce Code are duplicative of its claim for breach of contract.**

This Court should dismiss Olwin's claims under the Texas Business & Commerce Code because the "claims" are not causes of action, but instead events that give rise to a claim for breach of contract.

Section 2.606 of the Texas Business & Commerce Code reads, in full:

(a) Acceptance of goods occurs when the buyer

> (1) after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite of their non-conformity; or

> (2) fails to make an effective rejection (Subsection (a) of Section 2.602), but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them; or

> (3) does any act inconsistent with the seller's ownership; but if such act is wrongful as against the seller it is an acceptance only if ratified by him.

(b) Acceptance of a part of any commercial unit is acceptance of that entire unit.

Tex. Bus. & Com. Code § 2.606.  Likewise, section 2.608 of the Texas Business & Commerce Code states:

(a) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it

> (1) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or

> (2) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

(b) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

(c) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

Tex. Bus. & Com. Code § 2.608.

Neither statute provides for a specific cause of action. This is for good reason. Texas case law recognizes that the revocation of acceptance or rejection of goods under the Texas Uniform Commercial Code ("*UCC*") is *not* a separate cause of action, but is instead a component of a breach-of-contract claim per the Texas UCC. *See, e.g., Emerson Elec. Co. v. Am. Permanent Ware Co.*, 201 S.W.3d 301, 310 (Tex. App.—Dallas 2006, no pet.)[1]; *Selectouch Corp. v. Perfect Starch, Inc.*, 111 S.W.3d 830, 834 (Tex. App.—Dallas 2003, no pet.) ("A buyer who rightfully rejects the goods or justifiably revokes his acceptance may recover breach of contract remedies for delivery of non-conforming goods…."); *see also Paul Mueller Co. v. Alcon Laboratories, Inc.*, 993 S.W.2d 851, 855 (Tex. App.—Fort Worth 1999, no pet.) (citing Tex. Bus. & Com. Code § 2.206) ("Where acceptance has occurred, a cause of action for breach of contract is available if the buyer's acceptance is subsequently revoked.").

Here, Olwin has already brought a claim for breach of contract. Its citations to the Texas Business & Commerce Code are nothing more than elements which *comprise* a claim already asserted. Indeed, Texas law does not recognize these provisions as separate causes of actions. This Court should dismiss Counts II and III of the Complaint for failure to state a claim upon which

---

[1] "A buyer who rightfully rejects the goods or justifiably revokes his acceptance may recover breach of contract remedies for delivery of non-conforming goods under section 2.711. In other words, for [plaintiff] to recover on its breach of contract claim, [plaintiff] had to prove that it either rejected or revoked acceptance of the elements. *The issue was not an independent theory of recovery*; it was a component of [plaintiff's] breach of contract claim and necessarily referable to it.") (internal citations omitted) (emphasis added).

Page 9

relief can be granted.

**D.     Olwin's unjust enrichment claim is defective.**

Olwin's claim is defective for multiple reasons. First, unjust enrichment is a quasi-contractual claim that is based on the absence of an express agreement. *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp.2d 892, 905 (S.D. Ohio 2013); *see also Vancrest Mgmt. Corp. v. Mullenhour*, 140 N.E.3d 1051, 1067–69 (Ohio Ct. App. 2019) (affirming dismissal of unjust enrichment claim because plaintiff failed to distinguish claim from contract claim). Here, Olwin has not pled the unjust enrichment argument in the alternative. First Am. Compl., ECF. No. 4 at PageID 150–51. To the extent a valid agreement governs the relationship between Olwin and MultiCam, this Court should dismiss Olwin's unjust enrichment claim, Count V.

Second, "[t]o state a claim for unjust enrichment in Ohio, [plaintiff] must plausibly allege that (1) [it] conferred a benefit on [defendant]; (2) [defendant] had knowledge of the benefit; and (3) the [defendant] retained the benefit under circumstances where it would be unjust to do so without payment. *Jones v. Ohio Nat'l Life Ins. Co.*, No. 1:20-CV-654, 2022 WL 1128596, at *11 (S.D. Ohio Apr. 15, 2022). Olwin facially fails to allege all elements of an unjust enrichment claim, as Olwin fails to allege that either defendant had knowledge of the benefit Olwin allegedly conferred. First Am. Compl., ECF No. 4 at PageID 150.

Moreover, Olwin's unjust enrichment claim fails to give adequate notice to support its cause of action. Rule 8 requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Olwin simply alleges "MultiCam" or "Defendants" without specifying whether it means MultiCam or Great Lakes obtained the improper benefit. First Am. Compl., ECF No. 4 at PageID 147, 150. Olwin's unjust enrichment claim does not give MultiCam reasonable notice of the circumstances surrounding the claim and cannot adequately defend itself. This Court should dismiss Count V of the Complaint.

Page 10

## V. CONCLUSION

In its attempt to hold anyone and everyone accountable for Olwin's dissatisfaction with the Machine, Olwin fails to plead its lawsuit with the appropriate level of specificity. Moreover, Olwin asserts "claims" Texas law does not recognize. This Court should dismiss the Complaint as to MultiCam and award to MultiCam all relief to which it is entitled at law or in equity.

Dated: November 28, 2022  Respectfully submitted,

*s/ Kelly E. Mulrane*
Kelly E. Mulrane (0088133)
Trial Attorney
**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**
41 S. High Street, Suite 2600
Columbus, Ohio 43215
Telephone: 614.223.9300
Facsimile: 216.363.4588
Email: kmulrane@beneschlaw.com

*Counsel for Defendant MultiCam Inc.*

## CERTIFICATE OF SERVICE

The undersigned Counsel hereby certifies that, on November 28, 2022, the foregoing was served on the below-listed counsel via this Court's ECF system:

Richard L. Carr
David M. Rickert
Lindsay K. Deck
Auman, Mahan & Furry
110 North Main Street, Suite 1000
Dayton, Ohio 45402-1738
rlc@amfdayton.com
dmr@amfdayton.com
lkd@amfdayton.com

*Attorneys for Plaintiff*

John P. Susany
Kathleen A. Fox
Stark & Knoll Co., LPA
3475 Ridgewood Road
Akron, Ohio 44333
jsusany@stark-knoll.com
kfox@stark-knoll.com

*Attorneys for Defendant
MultiCam Great Lakes Inc.*

                                      *s/ Kelly E. Mulrane*
                                      Kelly E. Mulrane (0088133)

                                      *Counsel for Defendant MultiCam Inc.*