IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON

| | | |
|---|---|---|
| **OLWIN METAL FABRICATION LLC,** | : | |
| | : | CASE NO:  3:22-CV-00333-WHR-PBS |
| Plaintiff, | : | |
| | : | JUDGE WALTER H. RICE |
| vs. | : | |
| | : | MAGISTRATE JUDGE PETER B. |
| **MULTI-CAM, INC., et al.,** | : | SILVAIN, JR. |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S OBJECTION TO SCHEDULED INFORMAL TELEPHONE CONFERENCE PURSUANT TO S.D. OHIO CIV. R. 37.1**

Plaintiff Olwin Metal Fabrication LLC ("Plaintiff"), by and through counsel, hereby objects to the scheduling of an informal telephone conference pursuant to S.D. Ohio Civ. Rule 37.1, and as requested by Defendant MultiCam, Inc. ("Defendant MultiCam").  Further, prior to this Court's Order scheduling the informal telephone conference for Friday, September 15, 2023 at 3:00 pm, Plaintiff was not given an opportunity to respond to Defendant MultiCam's motion and request for same.

Defendant MultiCam describes the need for an informal telephone conference as relating to "an inspection" and "Plaintiff's responses to MultiCam, Inc.'s discovery requests."  Plaintiff agrees that the parties have engaged in discussions regarding these two issues; however, Plaintiff does not agree that an informal telephone conference is the best use of judicial resources at this time.

As to the issue surrounding inspection, the parties have engaged in lengthy discussions around the logistics for scheduling an inspection of the machine that is the subject of the instant

litigation. Those issues have largely been resolved. However, the parties have not been able to agree who should bear the burden of the costs for the inspection. Unfortunately, an informal telephone conference is unlikely to resolve this outstanding issue, which is complex and will require the parties to explain their positions more fully in writing. Accordingly, Defendant MultiCam should be required to put their position forward in a motion to which Plaintiff may respond and for the Court to render an informed decision.

Second, as to the issues surrounding Plaintiff's responses to Defendant MultiCam's discovery requests, the issue is now moot as Plaintiff has already responded fully to Defendant MultiCam's First and Second Set of Discovery Requests. Defendant MultiCam is being nit-picky about format, when responses have already been supplied. There is nothing more that Plaintiff can provide by way of discovery at this time. Further, Plaintiff has already agreed to supplement their responses should any additional responsive documents come into its possession. Finally, Plaintiff is in the process of responding to MultiCam's Third Set of Discovery Requests, which are due on or about Tuesday, September 26, 2023. Plaintiff has every intention of fully responding to those requests in a timely manner.

Finally, Plaintiff would like to point out that it has supplied similar responses to Defendant MultiCam Great Lakes' discovery requests and there have been no issues. This is merely Defendant MultiCam's attempt to prolong and complicate an otherwise moot issue.

S.D. Ohio R. 37.1 permits that, in lieu of filing a motion under Fed. R. Civ. P. 26 or 37, a party "*may* first seek an informal telephone conference with the Judge assigned to supervise discovery in the case" (emphasis added). However, the informal telephone conference is not a requirement and, in this particular scenario, is not a good use of counsel's, or this Court's, time

litigation. Those issues have largely been resolved. However, the parties have not been able to agree who should bear the burden of the costs for the inspection. Unfortunately, an informal telephone conference is unlikely to resolve this outstanding issue, which is complex and will require the parties to explain their positions more fully in writing. Accordingly, Defendant MultiCam should be required to put their position forward in a motion to which Plaintiff may respond and for the Court to render an informed decision.

Second, as to the issues surrounding Plaintiff's responses to Defendant MultiCam's discovery requests, the issue is now moot as Plaintiff has already responded fully to Defendant MultiCam's First and Second Set of Discovery Requests. Defendant MultiCam is being nit-picky about format, when responses have already been supplied. There is nothing more that Plaintiff can provide by way of discovery at this time. Further, Plaintiff has already agreed to supplement their responses should any additional responsive documents come into its possession. Finally, Plaintiff is in the process of responding to MultiCam's Third Set of Discovery Requests, which are due on or about Tuesday, September 26, 2023. Plaintiff has every intention of fully responding to those requests in a timely manner.

Finally, Plaintiff would like to point out that it has supplied similar responses to Defendant MultiCam Great Lakes' discovery requests and there have been no issues. This is merely Defendant MultiCam's attempt to prolong and complicate an otherwise moot issue.

S.D. Ohio R. 37.1 permits that, in lieu of filing a motion under Fed. R. Civ. P. 26 or 37, a party "*may* first seek an informal telephone conference with the Judge assigned to supervise discovery in the case" (emphasis added). However, the informal telephone conference is not a requirement and, in this particular scenario, is not a good use of counsel's, or this Court's, time

and resources when the issues involved are too complex and/or are moot and where an informal telephone conference will not resolve any outstanding issues.

Similarly, General Order No. 12-01, 1.3, provides that counsel "are *encouraged* to request a discovery conference with the Court in lieu of immediately filing a motion for protective order or to compel" (emphasis added).  Again, there is no requirement that a discovery conference take place prior to filing a motion.  Plaintiff continues to note that the issues surrounding the inspection are too complex for an informal telephone conference.  Plaintiff also continues to state that all responses to discovery have been provided to Defendant MultiCam and the "issue" identified by Defendant MultiCam is otherwise moot.

In conclusion, Plaintiff respectfully objects to the informal telephone conference, as requested by Defendant MultiCam, and which is currently scheduled with this Court on Friday, September 15, 2023 at 3:00 pm.

                                                                    Respectfully submitted,

                                                                    s/Richard L. Carr, Jr.
Richard L. Carr, Jr. (0003180), Trial Counsel
David M. Rickert (0010483)
Lindsey K. Deck (0085491)
AUMAN, MAHAN & FURRY
110 North Main Street, Suite 1000
Dayton, OH 45402-1738
(937) 223-6003 / ext. 3113
(937) 223-8550 (fax)
rlc@amfdayton.com; dmr@amfdayton.com; lkd@amfdayton.com
*Attorneys for Plaintiff, Olwin Metal Fabrication, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on <u>September 14, 2023</u>, I electronically filed the foregoing with the Clerk of the Court by using the ECF system which will send a notice of electronic filing to the following:

Kelly E. Mulrane
Benesch, Friedlander,
Coplan & Aronoff LLP
41 S. High Street, Suite 2600
Columbus, Ohio 43215
kmulrane@beneschlaw.com
*Attorney for Defendant, MultiCam, Inc.*

John P. Susany
Kathleen A. Fox
Stark & Knoll Co., LPA
3475 Ridgewood Road
Akron, Ohio 44333
jsusany@stark-knoll.com
kfox@stark-knoll.com
*Attorneys for Defendant, MultiCam Great Lakes Inc.*

Peter Loh
Davis G. Mosmeyer, III
Foley & Lardner LLP
2021 McKinney Ave., Suite 1600
Dallas, Texas 75201
ploh@foley.com; dmosmeyer@foley.com
*Co-Counsel for Defendant, MultiCam,, Inc.*

                                                        <u>s/Richard L. Carr, Jr.</u>
                                                        Richard L. Carr, Jr. (0003180)