IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON

| | |
|---|---|
| OLWIN METAL FABRICATION LLC, : | |
| : | CASE NO: 3:22-CV-00333-WHR-PBS |
| Plaintiff, : | |
| : | JUDGE WALTER H. RICE |
| vs. : | |
| : | MAGISTRATE JUDGE PETER B. |
| MULTICAM, INC., et al., : | SILVAIN, JR. |
| : | |
| Defendants. : | |

**MULTICAM'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant MultiCam, Inc. ("MultiCam"), by and through counsel, files this Reply in Support of its Motion to Dismiss Plaintiff Olwin Metal Fabrication, LLC's ("Olwin") Second Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**ARGUMENT**

**A.  Olwin Still Fails to Adequately Plead Its Fraud Claim Because It Cannot Plausibly Impute Great Lakes' Conduct to MultiCam.**

Olwin faces a problem. Rule 9(b) of the Federal Rules of Civil Procedure requires that Olwin state its fraud claim with "particularity" (i.e., Olwin must lay out the '"who, what, when, where, and how' of the alleged fraud)". FED. R. CIV. P. 9(b); *City of Taylor Gen. Employees Ret. Sys. v. Astec Indus.*, 29 F .4th 802, 810 (6th Cir. 2022); *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006). And Olwin's complaint makes clear that the two bases for its fraud claim are: (1) an email from Brian Newhouse (a Great Lakes employee) and (2) the terms of a contract that was executed by Olwin and Great Lakes (but not MultiCam).

1

Yet, MultiCam and Great Lakes—as this Court recognized and Olwin admits—are distinct legal entities. Order, ECF No. 32 at PageID 409–10; Sec. Am. Compl., ECF No. 38 at PageID 476–77. So, how does Olwin state a plausible claim when it cannot point to any alleged misrepresentation that MultiCam or its employees made?

Olwin's "solution" to this problem—rather than pleading facts showing that MultiCam or its employees allegedly made fraudulent statements— was simply to double down on its previously-rejected attempt to impute all of Great Lakes' conduct onto MultiCam.

> 1. *Olwin Fails to Plausibly Allege that Brian Newhouse's Conduct Can Be Imputed to MultiCam.*

Olwin's opposition brief posits that Brian Newhouse is "an employee of MultiCam Complete CNC Solutions," which is a heretofore unknown umbrella entity that encompasses MultiCam and Great Lakes. Opp. Br., ECF No. 44 at PageID 559. Olwin makes this argument notwithstanding the fact that its complaint repeatedly characterizes Newhouse as a Great Lakes employee without any mention of a supposed association with MultiCam. Sec. Am. Compl., ECF No. 38 at PageID 477, 481. But, undeterred, Olwin now suggests that Newhouse's employment with this fictitious entity means that he was acting as MultiCam's "agent" when he sent his November 17, 2021, email containing allegedly fraudulent statements. Therefore, Newhouse's conduct can be imputed to MultiCam. There are several problems with this argument.

First, "MultiCam Complete CNC Solutions" does not exist. Certainly, if it did, Olwin would have seen fit to add it as a defendant. But Olwin did not, because—as this Court already observed—"MultiCam Complete CNC Solutions" is simply a branding tagline and descriptor. Order, ECF No. 32 at PageID 410 n.2.

Second, Olwin's complaint makes no mention of a "MultiCam Complete CNC Solutions" entity. This fiction makes its first appearance in Olwin's opposition brief. However, the sufficiency

of Olwin's complaint is determined by reviewing the complaint itself—not by new arguments or factual allegations in its opposition brief. *See Hasanaj v. Detroit Pub. Sch. Cmty. Dist.*, No. 4:19-CV-12693, 2020 WL 8575208, at *1 (E.D. Mich. June 18, 2020) (stating the plaintiff "cannot defeat Defendants' motions to dismiss with arguments that are not tied to specific allegations in his Complaint").

Third, while Olwin's complaint may allege that Newhouse was "an agent for MultiCam and Great Lakes," Olwin alleges no facts that support that proposition, much less allegations that will satisfy the particularity requirement of Rule 9(b). Sec. Am. Compl., ECF No. 38 at PageID 481; *see In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 540 F. Supp. 2d 800, 805 (S.D. Tex. 2007) (stating that, if agency is an element of a fraud claim, the plaintiff must plead it with particularity); *Zangara v. Travelers Indem. Co. of Am.*, 423 F. Supp. 2d 762, 769 (N.D. Ohio 2006) ("In pleading a claim for fraud . . . a plaintiff is required to plead with particularity the circumstances that would establish an agency relationship between themselves and the agent.").

This Court dismissed Olwin's fraud claim once before because "Olwin [did] not establish sufficient facts to establish that an employer/employee or master/servant relationship existed between either MultiCam and Great Lakes or MultiCam and Brian Newhouse." Order, ECF No. 32 at PAGEID 409. Olwin's latest complaint makes the same error and should meet the same fate.

    *2.    Olwin Fails to Plausibly Allege that MultiCam Made Fraudulent Misrepresentations in the Agreement.*

Olwin's second attempt to salvage its fraud claim is to point to certain terms of the ARCOS Bridge & Rail Plasma Agreement between Olwin and Great Lakes (the "Agreement") as fraudulent statements that can be imputed to MultiCam. Again, Olwin fails to convince.

3

First, Olwin points to a basic product description on page 16 of the Agreement as being "fraudulent." Sec. Am. Compl., ECF No. 38 at PAGEID 481. This description of the bevel head included with the Machine states:

- 5-axis Head from ESAUTOMATION
- Latest Process control libraries from Hypertherm
- SigmaNest Integration
- Automatic Bevel nesting and clearance for maximum material utilization
- Automatic Bevel recognition from all major CAD systems such as CDL, AutoCAD, DXF, DWG, SOLIDWORKS, Inventor and others
- Settings for bevels, grain constraints, leadins/leadouts can be saved to part library
- Multiple process support such as marking and pre-piercing
- Max angle 50 deg, both B and C axis

Sec. Am. Compl. ECF No. 38 at PAGEID 510.

Olwin, however, fails to explain which of these statements was false and in what way. Does Olwin contend the 5-axis head was from a company other than ESAUTOMATION? Does Olwin believe that the bevel head's maximum angle was something other than 50 degrees in the B and C axis?

Rule 9(b) requires more of Olwin than merely pointing to a collection of statements and saying: "These statements are false." *City of Taylor Gen. Employees Ret. Sys. v. Astec Indus.*, 29 F .4th 802, 810 (6th Cir. 2022) (requiring a complaint to "specify the statements that the plaintiff contends were fraudulent" and "explain why the statements were fraudulent"). But that is all Olwin has mustered. Such vague and generalized allegations do not suffice.

Second, Olwin alleges that the Agreement contains a "fraudulent" guarantee. Sec. Am. Compl. ECF No. 38 at PAGEID 481.

> **TOTAL INCLUDING SELECTED OPTIONS: $223,304.00**
>
> Thank you for the opportunity to help with your production needs!
>
> Brian Newhouse
>
> MultiCam Great Lakes Inc
>
> Accepted by: *Derrick Olwin*
> Date: 11/18/2021 10:31am EST
>
> Olwin Metal Fabrication, Derrick Olwin
>
> \*\*Note\*\* All quotations are subject to standard Terms & Conditions. Orders accepted subject to prices & specifications in effect at time of order. Your electrician will need to provide power to the machine. Complete installation documentation will be provided. MultiCam Great Lakes, Inc. provides no warranties or consulting support for any software not provided with the MultiCam CNC. We will guarantee the MultiCam CNC to be fully functional and operating properly at the time of installation. If custom payment terms are agreed upon, the final payment shall be due at installation or net 30 days from the date of shipment, whichever is sooner. If Customer fails to make final payment within 5 days of its due date that non-payment will

Sec. Am. Compl. ECF No. 38 at PAGEID 517.

On its face, this document makes clear that this is a guarantee flowing from Great Lakes to Olwin. Only the digital signatures of Derrick Olwin (on behalf of Olwin) and Brian Newhouse (on behalf of Great Lakes) are present. Sec. Am. Compl. ECF No. 38 at PAGEID 517. There is no MultiCam signature. Nor is there any indication that MultiCam ratified this statement. Instead, there is Olwin's recurring hope that allegations against Great Lakes will be imputed to MultiCam.

Importantly, this Court previously indicated (based on its drawing all reasonable inferences in Olwin's favor) that the Terms and Conditions (which mention MultiCam by name) may be plausibly construed as an agreement between Olwin, Great Lakes, and MultiCam. Order, ECF No. 32 at PageID 404. But the Terms and Conditions are an agreement separate and distinct from the above guarantee. Sec. Am. Compl. ECF No. 38 at PAGEID 517 (stating that "[w]ritten acceptance

5

… by Purchaser … will constitute an agreement binding on both parties"). Olwin does not point to any allegedly fraudulent statements in the Terms and Conditions. So, the only contractual language that has been plausibly imputed to MultiCam is not part of the allegations that comprise Olwin's fraud claim.

In sum, Olwin's allegations of fraud based on the language of the Agreement suffer from the same deficiencies as Olwin's allegations concerning Newhouse's email: they are allegations against Great Lakes, not MultiCam. Under Rule 9(b)'s heightened pleading standard, those deficiencies are fatal. The fraud claim should be dismissed.

**B.      Olwin Still Fails to Adequately Plead Its Unjust Enrichment Claim Because It Fails to Allege that MultiCam Benefitted from the Agreement Between Olwin and Great Lakes.**

Unjust enrichment is based on a theory of quasi-contract so it does not apply "when a valid, express contract covers the subject matter of the parties' dispute." *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683 (Tex. 2000) (citing 1 WILLISTON, A TREATISE ON THE LAW OF CONTRACTS, § 1:6 (R. Lord ed., 4th ed.1990)); *Reveille Trucking, Inc. v. Lear Corp.*, No. 4:14-CV-511, 2017 WL 661521, at *13 (S.D. Tex. Feb. 17, 2017)). It does apply when—in the absence of a contract—"a party has obtained a benefit from another by fraud, duress or the taking of an undue advantage." *Mason v. Mason*, No. 07-12-00007-CV, 2014 WL 199649, at *5 (Tex. App.—Amarillo Jan. 13, 2014, no pet.) (citing *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992)).

In short, unjust enrichment is not a complicated cause of action. Still, Olwin fails to state a claim for unjust enrichment for two primary reasons.

First, Olwin's complaint makes clear that it is suing based on the terms of the Agreement— a valid express contract. ECF No. 38 at PageID 477–83. Because the Agreement governs the parties' respective rights and obligations, Olwin cannot state a claim for unjust enrichment.

*Fortune Prod. Co.*, 52 S.W.3d at 684 (stating that "[w]hen a valid agreement already addresses the matter, recovery under an equitable theory [such as unjust enrichment] is generally inconsistent with the express agreement").

Second, despite being alerted to this deficiency in this Court's order on MultiCam's previous motion to dismiss, Olwin still fails to plausibly allege that MultiCam obtained any benefit from Olwin. ECF No. 32 at PageID 411–12. In that order, the Court stated:

> Olwin has alleged that they conferred a benefit, but they have not pleaded sufficient facts for this Court to identify either upon whom the benefit was conferred or that the recipient of that benefit had knowledge of the benefit. As laid out in the Amended Complaint, the assertions regarding Olwin's payments for the Machine do not permit the Court to "infer more than the mere possibility" that MultiCam knowingly received the benefit of Olwin's payments. In addition, as outlined supra in Section III(c), Olwin has also failed to plead enough facts to establish that a legal relationship exists between MultiCam and Great Lakes (and what that relationship was), thus enabling Olwin to claim either or both defendants are jointly and severally liable for the actions or obligations of the other.

Order, ECF No. 32 at PageID 411–12. Rather than addressing that issue in its Second Amended Complaint, Olwin exacerbated the problem. Specifically, Olwin affirmatively pleads MultiCam out of its unjust enrichment claim. Paragraph 42 of the complaint alleges that: "***Great Lakes received, and retained, the full purchase of the Machine***, totaling $223,304.00." ECF No. 38 at PageID 483 (emphasis added).

So, while Olwin's previous issue was a lack of clarity regarding "whom the benefit was conferred" upon, it has now clarified that the recipient of any benefit was Great Lakes—not MultiCam.

Olwin's attempts to salvage this claim are unavailing. In its opposition brief, Olwin argues—for the first time—that MultiCam "would not have shipped a $200,000 machine had they not received payment for it." ECF No. 44 at PageID 565. The complaint contains no such allegation. Arguments in response to a motion to dismiss are no substitute for well-pleaded facts

7

in a complaint. *See Hasanaj v. Detroit Pub. Sch. Cmty. Dist.*, No. 4:19-CV-12693, 2020 WL 8575208, at *1 (E.D. Mich. June 18, 2020) (stating the plaintiff "cannot defeat Defendants' motions to dismiss with arguments that are not tied to specific allegations in his Complaint"). And the fact that MultiCam "representatives worked together with Great Lakes to troubleshoot the Machine's [alleged] deficiencies" says nothing about MultiCam receiving a benefit from Olwin; if anything, it shows that Olwin received a benefit from MultiCam. ECF No. 44 at PageID 565.

Simply put, Olwin cannot have its cake and eat it, too. It cannot sue under the terms of the Agreement and simultaneously pursue a quasi-contract claim. It cannot identify Great Lakes as the recipient of the payments for the Machine in its complaint and then argue that MultiCam somehow received those same payments. Olwin's unjust enrichment claim fails.

## CONCLUSION

Olwin's second attempt to plausibly state claims for fraud and unjust enrichment fare no better than its first. Try as it might, Olwin simply cannot wish away the legal distinction between the two defendants in order to impute Great Lakes' conduct to MultiCam. The fraud and unjust enrichment claims should be dismissed—this time with prejudice.

[*signature and certificate of service pages follow*]

Dated: December 6, 2023

                                                           Respectfully submitted,

By: */s/ Kelly E. Mulrane*
Kelly E. Mulrane (0088133)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
41 High Street, Suite 2600
Columbus, Ohio 43215
kmulrane@beneschlaw.com

Peter L. Loh (admitted *pro hac vice*)
Davis G. Mosmeyer III (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: 214-999-3000
Facsimile: 214-999-4667
ploh@foley.com
dmosmeyer@foley.com

**ATTORNEYS FOR DEFENDANT MULTICAM, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2023, I served the foregoing via email upon:

    Richard L. Carr, Jr.
    David M. Rickert
    Lindsey K. Deck
    Auman, Mahan & Furry
    110 North Main Street
    Suite 1000
    Dayton, OH 45402-1738
    rlc@amfdayton.com
    dmr@amfdayton.com
    lkd@amfdayton.com

    ***Counsel for Plaintiff Olwin Metal Fabrication LLC***

    John P. Susany
    Kathleen A. Fox
    Stark & Knoll Co., L.P.A.
    3475 Ridgewood Road
    Akron, OH 44333
    JSusany@stark-knoll.com
    kfox@stark-knoll.com

    ***Counsel for Defendant, MultiCam Great Lakes, Inc.***
    ***d/b/a MultiCam Technology Center***

    */s/ Kelly E. Mulrane*
    Kelly E. Mulrane (0088133)